UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY WAYNE JINKA, JR., <br><br> Appellant, <br><br> v. <br><br> SILVERLINE PROPERTIES LLC, <br><br> Appellee. <br><br> In re: Jeffrey Wayne Jinka, Jr., <br><br> Debtor. | CASE NO. 2:24-cv-1900-JNW <br><br><br> Bankruptcy No. 2:24-12585-TWD <br><br> ORDER DENYING MOTION TO STAY PENDING APPEAL |

## 1. INTRODUCTION

Debtor Jeffrey Wayne Jinka, Jr. has appealed an interlocutory order of the U.S. Bankruptcy Court for the Western District of Washington, and he requests a stay of that order pending appeal. Dkt. No. 2. After considering Jinka's motion to stay pending appeal, the record, and the applicable law, the Court DENIES the motion as moot, or alternatively, on the merits.

ORDER - 1

## 2. BACKGROUND

On July 19, 2024, Appellee Silverline Properties, LLC[1] purchased Jinka's home at a foreclosure sale. Bankr. Dkt. No. 12-1 ¶¶ 1, 2, and Ex. 1. Jinka held over at the property, so Silverline began an unlawful detainer action in state court, receiving a writ of restitution. *See id*. ¶¶ 10–15. At Jinka's request, the state court temporarily stayed Silverline's writ and set a rehearing date of October 11, 2024. *See id*. ¶¶ 19–20.

Jinka filed for bankruptcy on October 10, 2024, which automatically stayed Silverline's state-court, eviction proceedings. *See* Bankr. Dkt. No. 1; 11 U.S.C. § 362(a)(2) (stating that certain bankruptcy petitions "operate[] as a stay, applicable to all entities, of [] . . . any act to obtain possession of property of the estate . . . ."). Silverline promptly moved for relief from the automatic stay so that it could press forward with its state-court case. *See* Bankr. Dkt. No. 12. Soon after, Jinka moved for a temporary restraining order (TRO). *See* Bankr. Dkt. No. 22. On November 6, 2024, the Bankruptcy Court granted Silverline's motion and denied Jinka's. While Jinka appeals both orders, this matter only addresses his appeal of the order denying his motion for a temporary restraining order, Bankr. Dkt. No. 32. *See* Dkt. No. 1-2 (9th Cir. BAP Order Regarding Number of Appeals).

When he appealed, Jinka moved to stay the Bankruptcy Court's order granting Silverline relief from the automatic stay pending appeal, but he did not

---

[1] In a related matter, Silverline explains that it "has been docketed as 'Solverline', a typographical error." *In re Jeffrey Wayne Jinka, Jr.*, 2:24-cv-1895-JNW, Dkt. No. 5 at n.1.

ORDER - 2

move to stay the order denying a TRO pending appeal. *See* Bankr. Dkt. No. 36 and *generally*. The Bankruptcy Court denied the motion to stay the order granting Silverline relief pending appeal. *See* Bankr. Dkt. No. 44; Case No. 2:24-cv-1895-JNW, Dkt. No. 4; Dkt. No. 2. Three days later, on November 18, 2024, the Bankruptcy Court dismissed Jinka's case for his failure to appear at his 11 U.S.C. § 341 meeting of creditors. *See* Bankr. Dkt. No. 55; Local Rules W.D. Wash. Bankr. 1017(e). Jinka has not appealed the dismissal.

Jinka now asks this Court to stay the denial of his motion for a TRO pending appeal.

### 3. DISCUSSION

**3.1  Jinka's motion to stay the Bankruptcy Court's TRO denial pending appeal is moot.**

Jinka's motion asks the Court to stay the Bankruptcy Court's denial of his motion for a TRO—effectively, Jinka asks this Court to grant a TRO reinstating the automatic stay. While the bankruptcy case was pending, Silverline could only proceed with its state-court unlawful detainer action by seeking relief from the automatic stay. *See* 11 U.S.C. § 362(a)(2) (stating that certain bankruptcy petitions "operate[] as a stay, applicable to all entities, of [] . . . any act to obtain possession of property of the estate . . . ."). But when Jinka's bankruptcy case was dismissed, the automatic stay resolved on its own under the relevant statute. *See* 11 U.S.C. § 362(c)(2)(B) (stating that "the stay . . . continues until . . . the time the case is dismissed"); *see also Olive St. Invs. v. Howard Sav. Bank*, 972 F.2d 214, 216

(8th Cir. 1992) (holding debtor's right to automatic stay expires when "the bankruptcy proceeding is dismissed").

In short, an order from this Court staying the Bankruptcy Court's interlocutory ruling on an automatic stay that has since resolved in a dismissed bankruptcy action would have no effect at all. *See In re Ponton*, 446 Fed. App'x. 427, 429 (3d Cir. 2011) (finding that dismissal of bankruptcy case mooted appeal of interlocutory order granting relief from automatic bankruptcy stay); *cf. Cummins v. Solgen Power*, Case No. 23-cv-5363-JLR, LLC, 2023 WL 5277689, at *1 (W.D. Wash. Aug. 16, 2023) (Robart, J.) (finding motion to dismiss was moot because it targeted a superseded, non-operative complaint). Accordingly, Jinka's motion to stay pending appeal is moot.

**3.2    Even if the motion were not moot, it fails on the merits.**

Under the Bankruptcy Rules, a debtor usually must move to stay pending appeal in the bankruptcy court before requesting a stay from the reviewing court— the district court in this case. *See* Fed. R. Bankr. P. 8007(a)(1)(A); *In re Borjesson*, Case No. 19-0413-MJP, 2019 WL 1327324 (W.D. Wash. March 25, 2019) (Pechman, J.) (citing *In re Rivera*, Case No. 5:15-cv-04402-EJD, 2015 WL 6847973, at *2 (N.D. Cal. Nov. 9, 2015) ("A failure to seek emergency relief in the bankruptcy court is a critical defect and not often overlooked.")). If the bankruptcy court denies the motion, the debtor may file a separate motion to stay pending appeal in the district court. *See* Fed. R. Bankr. P. 8007; *In re Irwin*, 338 B.R. at 844.

Here, Jinka moved to stay the Bankruptcy Court's order granting Silverline relief from the automatic stay pending appeal, which is the subject of a related bankruptcy appeal. *See* Bankr. Dkt. No. 36; Case No. 2:24-cv-1895-JNW, Dkt. No. 4. Jinka did not move to stay the Bankruptcy Court's order denying his motion for a TRO, the subject of this appeal. Accordingly, the Court denies the motion on that basis.

Further, even if the Court considers his motion for an emergency stay of the TRO denial on the merits, it denies the motion for the same reasons articulated in the related matter. *See* Case No. 2:24-cv-1895-JNW, Dkt. No. 7.

Parties are not entitled to stays pending appeal as a matter of right. *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012); *Nken v. Holder*, 556 U.S. 418, 433 (2009); *In re Borjesson*, 2019 WL 1327324, at *1. In bankruptcy appeals, motions to stay pending appeal must include "the reasons for granting the relief requested and the facts relied upon," "affidavits or other sworn statements supporting facts subject to dispute," and "relevant parts of the record." *In re Borjesson*, 2019 WL 1327324, at *1 (quoting Fed. R. Bankr. P. 8007(b)(3)) (denying emergency motion for TRO or stay pending bankruptcy appeal). Courts consider the following factors when deciding whether to grant a stay pending appeal:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

ORDER - 5

*Lair*, 697 F.3d at 1203 (quoting *Nken*, 556 U.S. at 434); *see also In re Borjesson*, 2019 WL 1327324, at *2 (citing *DSB Credit Funding LLC v. Silicon Labs., Inc.*, Case No. 16-CV-05111-LHK, 2016 WL 6893882, at *6 (N.D. Cal. Nov. 23, 2016) ("Appellants seeking a discretionary stay under Rule 8007 must meet the terms of a test virtually identical to that for a preliminary injunction.") (citation omitted)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this Court's] discretion." *Lair*, 697 F.3d at 1203 (modification in original).

Regarding the first prong, Jinka provided only a vague and unsupported argument about why he was likely to succeed on the merits of his appeal. Bankr. Dkt. No. 36 at 14. Rather than pointing to any error in the Bankruptcy Court's order, Jinka argued that the original foreclosure of his home was subject to procedural irregularities. *See* Bankr. Dkt. No. 36 at 17–19 and *generally*. Since Jinka failed to advance an argument about the merits of his appeal, the Bankruptcy Court correctly concluded that he failed to show a likelihood of success.

On the second prong, Jinka argued that he would face irreparable harm absent a stay because he would face eviction. Bankr. Dkt. No. 36 at 14. But the Bankruptcy Court aptly concluded that Jinka may challenge his eviction through the ongoing unlawful detainer action in state court. *See* Bankr. Dkt. No. 44 at 3. Given the record, including the evidence establishing Silverline's ownership of the property and the nature of the underlying unlawful detainer proceedings, Silverline will be harmed if it is forced to wait to pursue its state-court action pending this

appeal; it will be unable to take possession of the property it purchased and resolve any challenges to its ownership of that property. Finally, the public interest is served by resolving the state-court matter efficiently, as Jinka's challenge to the underlying foreclosure and his eviction will be decided in that proceeding.

For the reasons above, the Court finds that none of the relevant factors weigh in favor of a stay.

### 4.  CONCLUSION

The Court ORDERS that Jinka's emergency motion to stay pending appeal, Dkt. No. 2, is DENIED AS MOOT. In the alternative, the motion is DENIED on the merits. It is so ordered.

Dated this 26th day of November, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 7